UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRAD TUKES, | Civil File No. 05-2088 (MJD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MONICA TUKES, | |
| Defendant. | |

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a self-styled pleading entitled "Petition For Writ Of Mandamus." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Although someone named "Monica Tukes" is named as the "Respondent" in the caption of Plaintiff's pleading, it is readily apparent that he is actually seeking a writ of mandamus directed to the Chief Judge of the Minnesota Court of Appeals. Plaintiff's pleading

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 5.) Plaintiff's IFP application indicates that he may be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

expressly states that he is "requesting a writ of mandamus compelling the Chief Judge of the Appellant [sic] Court to rule on his pro se motion 132.02, subd. (1) with memorandum in support addressing his denial order of June 9, 2005[,] that was submitted June 10, 2005." (Petition, [Docket No. 1], p. 1.)  Plaintiff obviously is asking the Minnesota Federal District Court to order the Minnesota Court of Appeals to rule on a motion that he previously filed in connection with a state court appeal.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a governmental entity or agent, (i.e., the Minnesota Court of Appeals and/or the Chief Judge of that Court), his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If a prisoner-plaintiff fails to state a cause of action on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff is seeking a writ of mandamus pursuant to 28 U.S.C. § 1361, which provides as follows:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel <u>an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff."  (Emphasis added.)

The highlighted portion of the statute shows that federal district courts can issue writs of

2

mandamus only to <u>federal</u> agents and agencies. A federal court has no legal authority to enter a writ of mandamus directed to a state court. <u>Middlebrooks v. Thirteenth Judicial District Circuit Court, Union County</u>, 323 F.2d 485, 486 (8th Cir. 1963) (<u>per</u> <u>curiam</u>). Thus, Plaintiff's current petition for a writ of mandamus to be directed to the Minnesota Court of Appeals, (and/or the Chief Judge of that Court), seeks a remedy that is not available in federal court. The Court therefore finds that Plaintiff has failed to plead a cause of action on which relief can be granted.[2]

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed pursuant to § 1915A(b). The Court will also recommend that Plaintiff's IFP application, (<u>see</u> n. 1, <u>supra</u>), be denied, because he has failed to state any actionable claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will, however, remain liable for the unpaid balance of the $250 filing fee required by 28 U.S.C. § 1914(a).[3] To date, he has not paid any fee at all, so he still owes the full $250 filing fee. Prison officials will have to deduct that

---

[2] The Court further notes that this action appears to be barred by the Eleventh Amendment, which prohibits individuals from suing states, or state agencies, in federal courts.

[3] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Plaintiff has also filed a motion entitled "exparte expirdicted [sic] motion," (Docket No. 3), by which he seeks leave to file handwritten materials in this case. Given the Court's determination that this action must be summarily dismissed, (for the reasons discussed above), it will be recommended that this motion be denied as moot.

Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 5), be **DENIED**;

2. Plaintiff's "exparte expirdicted [sic] motion," (Docket No. 3), be **DENIED AS MOOT**;

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $250, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated: September 13, 2005

                                                        s/ Susan Richard Nelson
                                                        SUSAN RICHARD NELSON

                                      United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 22, 2005**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.